JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SCOTT B. WINTERS

**(b)** County of Residence of First Listed Plaintiff    LYCOMING
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christian A. Lovecchio - 602 Pine Street, Williamsport, PA  17701
570-326-2401

## DEFENDANTS

BOROUGH OF WATSONTOWN and EDIE MOSER

County of Residence of First Listed Defendant    NORTHUMBERLAND
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jamie L. Panzer - 2000 Market Street, 13th Fl., Philadelphia, PA
19103; 215-972-7900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII OF CIVIL RIGHTS ACT OF 1964, 42 U.S.C 2000(e)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT B. WINTERS, | : |
| Plaintiff | : CIVIL ACTION NO.: |
| | : |
| vs. | : |
| | : |
| BOROUGH OF WATSONTOWN | : |
| and  EDIE MOSER, | : |
| Defendants | : |

## COMPLAINT

AND NOW,  comes Plaintiff, Scott Winters, by and through his attorney, Christian A. Lovecchio, Esquire, and pursuant to the Federal Rules of Civil Procedure, files this Complaint in civil action against Defendants, Borough of Watsontown and Edie Moser, as follows:

1.      Plaintiff is an adult individual who resides at 2218 State Route 87, Montoursville, Lycoming County, Pennsylvania 17754.

2.      Defendant, Borough of Watsontown, is a government entity which conducts business at an office located at 318 Main Street, Watsontown, Northumberland County, Pennsylvania 17777.

3.      Defendant, Edie Moser, is an adult individual who at all times relative hereto, was employed by the Borough of Watsontown as its Borough Manager.

4.    At all times relative hereto, Defendant Moser had the authority to act and did so act by and on behalf of Defendant, Borough of Watsontown.

5.    Plaintiff began employment with Defendant, Borough of Watsontown, as its Public Works Supervisor in 2013. From February 2013 through the present, Plaintiff suffered intentional discrimination because of his membership in a protected group: Sex Male.

6.    The discrimination was pervasive and regular.

7.    The discrimination detrimentally affected Plaintiff.

8.    The discrimination would detrimentally affect a reasonable person of the same protected group in the same position.

9.    Respondeat superior liability exists with respect to Defendants.

10.    In addition to the work environment suffered by the Plaintiff and caused by Defendants, Plaintiff suffered retaliatory harassment which was severe and pervasive enough to create a hostile work environment.

11.    More specifically, because of Plaintiff's sex, Defendants allowed sexual harassment to occur on the job.

12.    Because of Plaintiff's sex, Defendants allowed retaliatory harassment to occur on the job.

13.    Because of Plaintiff's sex, Defendants held Plaintiff to a stricter and more demanding job responsibilities than other fellow employees.

14.  Because of Plaintiff's sex, Defendants leveled harsher sanctions against Plaintiff than other employees.

15.  Because of Plaintiff's sex, Defendants interpreted their "policies" in a much different and more detrimental fashion to the Plaintiff than with respect to other employees.

16.  Because of Plaintiff's sex, Defendants unfairly and improperly interpreted policies to detrimentally affect Plaintiff's job performance.

17.  Because of Plaintiff's sex, Defendants manipulated his job performance and his job performance appraisals to deny him salary increases.

18.  Because of Plaintiff's sex, Defendants imposed discipline and sanctions on Plaintiff without complying to their own policies and procedures.

19.  Because of Plaintiff's sex, Defendants unfairly and improperly criticized the Plaintiff and lowered him and his reputation in the estimation of other Borough employees and council members.

20.  Because of Plaintiff's sex, Defendants have verbally accosted Plaintiff on numerous occasions without any justification whatsoever.

21.  On or about June 11, 2013, Plaintiff notified councilwoman, Pat Yeager, Streets Committee Chair, and complained about Defendant Moser's harassment and discrimination of him because of his sex.

22.     Plaintiff sought relief from councilwoman Yeager and Defendant, Borough of Watsontown.   Following the June 11, 2013 meeting, however, Defendant's harassment of Plaintiff not only continued but increased as aforesaid.

23.     Plaintiff subsequently timely filed complaints with the Pennsylvania Human Relations Commission (PHRC), and the Equal Employment Opportunity Commission (EEOC).

24.     On November 15, 2014, Plaintiff received a right to sue letter from the EEOC, Philadelphia District Office.

25.     Plaintiff brings this action against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) et seq. and Pennsylvania Human Relations Act, 43 P.S. §591, et seq.

26.     This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§1331, 1343 and 1367.

27.     Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391, et seq.

28.     As a direct and proximate result of Defendants' unlawful harassment and retaliatory harassment of Plaintiff through the creation of a hostile work environment, Plaintiff suffered significant damages, including but not limited to, significant emotional distress, pain and suffering, significant mental anguish and suffering, physical manifestations of his mental anguish and suffering, the loss and

4

enjoyment of life's normal activities, the loss of work days, deterioration of his work performance, the loss of salary increases, injury to his character and reputation, legal fees, associated court costs, and other damages.

## COUNT I – HOSTILE ENVIRONMENT; STRICT LIABILITY

29.     Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

30.     Defendant is strictly liable for the creation of a hostile work environment by Ms. Moser in that Ms. Moser is employed by Defendant in a management position and relied on her supervisory authority in carrying out the harassment.    Furthermore, Ms. Moser was Plaintiff's direct and immediate supervisor, she acted or purported to act within the scope of her authority and agency relationship with Defendant and her agency relationship with Defendant aided her in harassing and discriminating against Plaintiff because of his sex.

31.     Defendants' conduct as aforesaid violates both Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

32.     As a direct and proximate result of Defendants' harassment of the Plaintiff and creation of a hostile work environment as aforesaid, Plaintiff has suffered damages as aforesaid.

## COUNT II – HOSTILE ENVIRONMENT; AGENCY LIABILITY

33.   Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

34.   Defendant, Borough of Watsontown, is liable for the creation of a hostile work environment by Ms. Moser, Plaintiff's Borough Manager, in that Defendant knew or had reason to know of the harassment and failed to take proper adequate remedial action.

35.   Management level employees had actual or constructive knowledge of the existence of the sexually hostile work environment and failed to take proper adequate remedial action.

36.   Defendants' management level employees and supervisory personnel manifested in unmistakable acquiescence in approval of the harassment.

37.   Said harassment was openly practiced and well-known among the employees.

38.   Additionally, Defendant was either negligent or reckless in supervising Ms. Moser.

39.   Defendants' conduct as aforesaid violates both Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

40.   As a direct and proximate result of Defendants' harassment of Plaintiff and the creation of a sexually hostile work environment, Plaintiff has been damaged as aforesaid.

## COUNT III – SEXUAL DISCRIMINATION

41.    Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

42.    By Defendants' conduct as aforesaid, Defendants have violated the Pennsylvania Human Relations Act, 43 P.S. §955.

43.    As a direct and proximate result of Defendants' unlawful harassment and discrimination of Plaintiff as aforesaid, Plaintiff has incurred the damages as set forth herein.

44.    Defendant Moser is individually liable to Plaintiff as an employer under Title VII and the PHRA and for her own acts of discrimination as aforesaid as well as for aiding and abetting Defendant, Borough of Watsontown, in its conduct.

45.    Defendant, Borough of Watsontown, is liable to Plaintiff for its direct acts of discrimination as aforesaid and under the theories of respondeat superior in that Defendant Moser's acts toward Plaintiff were at the time she was employed to perform, occurred within the authorized time and space limits and were actuated, at least in part, by a desire to serve Defendant Borough of Watsontown.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants together with compensatory damages, punitive damages, reasonable

7

attorney's fees and costs and interest on said amounts and any such further relief as the Court deems just and appropriate.

Respectfully submitted,

By:   /S/ Christian A. Lovecchio
        Christian A. Lovecchio, Esquire
        Attorney I.D. No.:  85505
        Attorney for Plaintiff
        602 Pine Street
        Williamsport, PA   17701
        Telephone No.: (570) 326-2401
        Fax No.: (570) 326-3498